# UNITED STATES DISTRICT COURT

for the

Northern District of Iowa

Western Division

RECEIVED
OVER THE COUNTER
JUL 16 2026
United States District Court
Northern District of Iowa

Kenneth John Azure

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Michael Sitzman

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Case No. 26-cv-4064-CJW-MAR
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☒ Yes ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | | | |
|---|---|---|---|
| Name | Kenneth John Azure | | |
| Address | 315 2nd Ave SE | | |
| | Le Mars | IA | 51031 |
| | *City* | *State* | *Zip Code* |
| County | Plymouth | | |
| Telephone Number | 712-539-7149 | | |
| E-Mail Address | K.A.J26@OUTLOOK.COM | | |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | | | |
|---|---|---|---|
| Name | Michael Sitzman | | |
| Job or Title *(if known)* | Detective, Sioux City Police Department | | |
| Address | 601 Douglas Street | | |
| | Sioux City | IA | 51101 |
| | *City* | *State* | *Zip Code* |
| County | Woodbury | | |
| Telephone Number | | | |
| E-Mail Address *(if known)* | | | |

☑ Individual capacity ☐ Official capacity

Defendant No. 2

| | | | |
|---|---|---|---|
| Name | | | |
| Job or Title *(if known)* | | | |
| Address | | | |
| | *City* | *State* | *Zip Code* |
| County | | | |
| Telephone Number | | | |
| E-Mail Address *(if known)* | | | |

☐ Individual capacity ☐ Official capacity

Defendant No. 3

Name

Job or Title *(if known)*

Address

*City* *State* *Zip Code*

County

Telephone Number

E-Mail Address *(if known)*

☐ Individual capacity ☐ Official capacity

Defendant No. 4

Name

Job or Title *(if known)*

Address

*City* *State* *Zip Code*

County

Telephone Number

E-Mail Address *(if known)*

☐ Individual capacity ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

The Fourth Amendment right, as applied to state and local officials through the Fourteenth Amendment, to be free from unreasonable seizure and pretrial detention pursuant to legal process unsupported by probable cause, including where a law-enforcement officer knowingly or recklessly causes materially false statements or material omissions to be used in the probable-cause process

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

At all relevant times, Defendant Michael Sitzman was a Detective with the Sioux City Police Department acting under color of the laws of the State of Iowa. In that capacity, Defendant investigated the robbery, interviewed witnesses, prepared investigative reports, and participated in obtaining the arrest warrant and initiating the criminal prosecution against Plaintiff.

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

Sioux City, Woodbury County, Iowa

B. What date and approximate time did the events giving rise to your claim(s) occur?

The events giving rise to Plaintiff's claims occurred between January 2, 2025, and July 10, 2025, in Sioux City, Woodbury County, Iowa. During that period, Defendant investigated the robbery, interviewed witnesses, prepared investigative reports, sought an arrest warrant, and participated in the criminal prosecution of Plaintiff, which concluded with dismissal of the criminal charge on July 10, 2025.

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

SEE (ATTACHMENT A)

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

As a result of Defendant's conduct, Plaintiff was jailed for approximately six months while the robbery charge was pending. The charge also triggered a separate work-release revocation, resulting in approximately twelve additional months in Iowa Department of Corrections custody. Plaintiff suffered loss of liberty, emotional distress, anxiety, and reputational harm. The robbery charge was ultimately dismissed.

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Plaintiff requests judgment against Defendant for compensatory damages in an amount to be determined by the jury, punitive damages as permitted by law, costs of this action, and such other and further relief as the Court deems just and proper. Plaintiff also demands a trial by jury on all issues so triable.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: ~~07/14/2026~~ 07/16/2026

Signature of Plaintiff [signature]

Printed Name of Plaintiff Kenneth John Azore

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

*City* *State* *Zip Code*

Telephone Number

E-mail Address

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

| | |
|---|---|
| KENNETH JOHN AZURE,<br>Plaintiff,<br><br>v.<br><br>MICHAEL SITZMAN, in his individual capacity,<br>Defendant. | Civil Action No. ______________<br><br>**ATTACHMENT A - STATEMENT OF CLAIM** |

Plaintiff Kenneth John Azure states the following in support of Part III(C) of his Complaint:

## FACTUAL ALLEGATIONS

1. Plaintiff Kenneth John Azure was investigated, arrested, and prosecuted in Woodbury County, Iowa, for a robbery reported on December 31, 2024.
2. Defendant Michael Sitzman was a detective employed by the Sioux City Police Department. Plaintiff sues Defendant in his individual capacity.
3. Defendant acted under color of state law when he investigated the reported robbery, interviewed witnesses, prepared investigative reports, communicated with the Woodbury County Attorney's Office, and supplied information used in the probable-cause process against Plaintiff.
4. Larry Vanderlinden reported that he was robbed by a person holding a hammer after arranging through Facebook to meet Christina Vera in Sioux City.
5. Vanderlinden later testified that the person with the hammer wore black clothing, a hood, and a black COVID-style mask covering the lower portion of the person's face. He testified that he could see only the person's forehead and eyes.
6. The encounter occurred after dark. Vanderlinden testified that there was no streetlight directly outside the location and that he was frightened during the encounter.

7. The responding officers' initial reports did not record a feather tattoo, another facial tattoo, or a detailed facial description of the person with the hammer.

8. By January 3, 2025, Defendant was investigating the robbery and knew the substance of the limited description documented by the responding officers.

9. During Defendant's January 3 interview of Vanderlinden, Vanderlinden showed Defendant a photograph of Plaintiff. Plaintiff does not allege that Defendant created Vanderlinden's initial exposure to that photograph.

10. Defendant later testified under oath that the feather tattoo was not mentioned in the responding officers' reports and was first mentioned during Defendant's interview of Vanderlinden, after the photograph had entered the investigation.

11. Defendant also testified that, when asked how sure or positive Vanderlinden was, Vanderlinden could not provide a definitive answer and left his level of certainty open-ended.

12. Despite that uncertainty, Defendant's written report described Vanderlinden as positive that Plaintiff was the person who robbed him.

13. Vanderlinden later testified that his belief was based on seeing a person staring at him near his home after the robbery, rather than on recognizing physical features he had observed during the masked encounter.

14. Vanderlinden later denied telling police that he saw a man with a tattoo on the day of the robbery and testified that he could not identify anyone present at his deposition as the robber.

15. The later deposition testimony is relevant because Defendant personally conducted the January 3 interview and therefore knew what Vanderlinden said, when the tattoo was first mentioned, and how certain Vanderlinden was before Defendant prepared his report.

16. The investigation also associated Plaintiff with Vera and included references to the names 'KJ' and 'Kenneth.' Those association-based leads did not independently establish that Plaintiff was the masked person with the hammer.

17. No hammer, clothing, surveillance video, money, or forensic evidence identified in the materials presently available to Plaintiff connected Plaintiff to the robbery.

18. On or about January 22, 2025, Assistant Woodbury County Attorney Matthew Metzgar filed a Complaint and Affidavit charging Plaintiff with robbery. Metzgar is not named as a defendant in this action.

19. The Complaint and Affidavit relied on information from Defendant's investigation and stated that Vanderlinden saw facial tattoos, including a feather, and would identify Plaintiff as the person with the hammer and identify the tattoo under Plaintiff's eye.

20. Those assertions presented a direct, tattoo-based eyewitness identification without disclosing that the initial reports contained no tattoo description, the robber's lower face was masked, the tattoo was first mentioned only after the photograph entered the investigation, and Vanderlinden's certainty was open-ended.

21. The positive identification and feather-tattoo assertions supplied the principal link between the association-based leads and the allegation that Plaintiff was the masked person with the hammer.

22. Legal process issued against Plaintiff, and Plaintiff was arrested and subjected to a pretrial restraint of liberty on the robbery charge.

23. The robbery charge was dismissed on or about July 10, 2025, without a conviction.

**COUNT I - FOURTH AMENDMENT CLAIM UNDER 42 U.S.C. § 1983**

24. Plaintiff incorporates paragraphs 1 through 23.

25. Defendant knew the original description was limited, knew when the tattoo was first mentioned, and personally heard Vanderlinden's uncertainty. Defendant nevertheless reported a positive, tattoo-based identification and caused that materially stronger account to be used in the probable-cause process.

26. Plaintiff alleges that Defendant knowingly, or with reckless disregard for the truth, caused materially false or misleading statements and omissions concerning the source, certainty, and reliability of the identification to be presented in support of legal process against Plaintiff.

27. A truthful presentation would have stated that the person with the hammer was masked; the initial reports contained no tattoo or detailed facial description; the tattoo was first mentioned only after Vanderlinden showed Defendant Plaintiff's photograph; Vanderlinden could not give a definitive level of certainty; and his later belief was based on a post-robbery staring encounter rather than recognition of physical features observed during the robbery.

28. After removing the positive tattoo-based identification and adding those omitted facts, the remaining association-based information did not establish a fair probability that Plaintiff was the masked person who committed the robbery.

29. Defendant's conduct caused Plaintiff to be seized pursuant to legal process unsupported by probable cause, in violation of the Fourth Amendment as applied to local officials through the Fourteenth Amendment.


Case 5:26-cv-04064-CJW-MAR Document 1-1 Filed 07/16/26 Page 10 of 12

30. As a direct result, Plaintiff suffered loss of liberty, emotional distress, reputational harm, and other compensable injuries.

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** KENNETH J. AZURE

**DEFENDANTS** MICHAEL SITZMAN

**(b)** County of Residence of First Listed Plaintiff Plymouth
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Woodbury
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)* (N/A)
PRO SE 315 2nd Ave SE
712-539-7149 LE MARS, IA 51031

Attorneys *(If Known)* unknown

RECEIVED OVER THE COUNTER
JUL 16 2026
United States District Court
Northern District of Iowa

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 790 Other Labor Litigation | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 791 Employee Retirement Income Security Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation - Transfer ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 42 U.S.C § 1983
Brief description of cause: 4th Amendment claim for unlawful seizure caused by material false statements or omissions.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. **DEMAND $** (probable cause)
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):* JUDGE None DOCKET NUMBER None

DATE 07-16-26 SIGNATURE OF ATTORNEY OF RECORD [signature] PRO SE (Plaintiff)

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE